(No. 12111.—Appeal dismissed.)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
HARRY JOHNSON, Appellant.

*Opinion filed October 21, 1918.*

1. APPEALS AND ERRORS—*judgment of conviction in municipal court for misdemeanor is not reviewable by appeal.* A judgment of conviction in the municipal court of Chicago for a misdemeanor is reviewable by writ of error, only, and not by appeal, notwithstanding the provisions of section 22 of the Municipal Court act.

2. SAME—*section 22 of Municipal Court act was not intended to grant an appeal in any case.* Section 22 of the Municipal Court act was not intended to grant an appeal in any case or to any court, but refers only to the jurisdiction in the Supreme Court and the Appellate Court, respectively, of such writs of error or appeals as may be authorized by law.

APPEAL from the Municipal Court of Chicago; the Hon. JOHN RICHARDSON, Judge, presiding.

FYFFE, RYNER & DALE, for appellant.

EDWARD J. BRUNDAGE, Attorney General, MACLAY HOYNE, State's Attorney, and EDWARD C. FITCH, (EDWARD E. WILSON, of counsel,) for the People.

Mr. JUSTICE DUNN delivered the opinion of the court:

Harry Johnson was convicted in the municipal court of Chicago of a violation of section 15*b* of the Motor Vehicle act, as amended June 26, 1917, (Laws of 1917, p. 690,) and was sentenced to pay a fine of $200 and costs. He prayed an appeal to the Supreme Court, and the court made an order allowing the appeal and fixing the amount of the bond at $400. The defendant filed the bond within the required time. At the April term the Attorney General moved to dismiss the appeal on the ground that no appeal lies in a criminal case. The motion was taken, to be decided upon the final hearing, and the cause was continued to the June term, when it was argued and submitted.

The only method of reviewing a criminal case is by writ of error. (*French* v. *People,* 77 Ill. 531.) The appellant's answer to this is that the appeal is properly brought to this court under section 22 of the Municipal Court act, which provides "that the final orders, judgments and decrees of the municipal court in cases of the first class, cases of the second class and cases of the third class mentioned in section two (2) of this act, and in bastardy cases, may be reviewed upon error or appeal, by the Supreme Court in all criminal cases above the grade of misdemeanors, cases in which a franchise or freehold or the validity of a statute or construction of the constitution is involved, and in all cases relating to the revenue or in which the State is interested as a party or otherwise, and by the Appellate Court in all other cases." This section was not intended to grant an appeal in any case or to any court but refers only to the jurisdiction in the Supreme Court and the Appellate Court, respectively, of such writs of error and appeals as may be authorized by law. Convictions for misdemeanors in all other courts can be reviewed only by a writ of error, and if it were intended to grant an appeal from the municipal court in such cases the provision would be obnoxious to section 29 of article 6 of the constitution, which provides that "all laws relating to courts shall be general, and of uniform operation; and the organization, jurisdiction, powers, proceedings and practice of all courts, of the same class or grade, so far as regulated by law, and the force and effect of the process, judgments and decrees of such courts, severally, shall be uniform." *Clowry* v. *Holmes,* 238 Ill. 577; *People* v. *Hibernian Banking Ass'n,* 245 id. 522; *People* v. *Cosmopolitan Fire Ins. Co,* 246 id. 442; *Hoffman* v. *Paradis,* 259 id. 111; *Israelstam* v. *United States Casualty Co.* 272 id. 161.

The appeal must be dismissed.         *Appeal dismissed.*