(No. 21824.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* HARRISON HOWARD, Plaintiff in Error.

*Opinion filed June 16, 1933.*

HERMAN ASCHIN, (ELWYN E. LONG, of counsel,) for plaintiff in error.

OTTO KERNER, Attorney General, THOMAS J. COURTNEY, State's Attorney, and J. J. NEIGER, (EDWARD E. WILSON, and GRENVILLE BEARDSLEY, of counsel,) for the People.

Mr. JUSTICE DUNN delivered the opinion of the court:

Harrison Howard, convicted in the criminal court of Cook county at the October term, 1929, of murder, was sentenced to the penitentiary for life and has sued out a writ of error.

The record contains no bill of exceptions, and the assignments of error question only the sufficiency of the indictment to sustain the judgment.

The indictment consisted of two counts, and the objection made to each is that the allegation of the date of the commission of the crime is "the sixteenth day of July in the year of our Lord one thousand nine hundred and . . . . . . . . . . . ." It so appears in the original transcript of the record of the criminal court, but at the last April term, on the suggestion of the Attorney General of a diminution of the record and his motion to supply the omission occasioned by the misprision of the clerk of the criminal court in copying the indictment, the motion was allowed and the omission in the original transcript was corrected by the substitution of another transcript showing that the true date shown by the original indictment was one thousand nine hundred and twenty-nine.

A further objection was made to the first count of the indictment that it alleged an assault upon Ruben Sharfman, the wounding of Ruben Sharfman by a pistol bullet fired by the defendant, and as a result the death of Riben Sharfman on July 16, 1929. This error was also corrected by the amended transcript, which was filed at the April term, so as to show that the person who died as the result of the wounding was Ruben Sharfman.

The result of the amendment of the record is that the supposed errors to correct which the writ of error was sued out do not exist. The judgment is therefore affirmed.

*Judgment affirmed.*