(No. 26341.—
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* SAM MINER, Plaintiff in Error.

*Opinion filed May 13, 1942.*

SAM MINER, *pro se.*

GEORGE F. BARRETT, Attorney General, and THOMAS J. COURTNEY, State's Attorney, (EDWARD E. WILSON, JOHN T. GALLAGHER, and MELVIN S. REMBE, of counsel,) for the People.

Mr. JUSTICE FARTHING delivered the opinion of the court:

Samuel Miner, plaintiff in error, called defendant, was tried with Grover Schock and Joseph Storm before a jury in the criminal court of Cook county on a charge of burglary, and found guilty. Storm was acquitted. The common law record shows that oral motions for a new trial and in arrest of judgment were overruled and the court entered an order on June 27, 1935, which fixed the time for the filing of a bill of exceptions to include August 26,

1935. No bill of exceptions was ever filed. What has been filed here and purports to be one was never signed by any judge.

Defendant has assigned only one error which we can consider. He contends that the indictment was "uncertain, indefinite, illegal and unconstitutional." He does not point out in what way the indictment was uncertain and indefinite. He contends that it reads "burglary and etc." and was unconstitutional because it violated section 13, article IV of the constitution of 1870 which provides that no act shall embrace more than one subject and that shall be expressed in the title. The only place we find "Burglary, Etc." is on the back of the indictment and this is the title the defendant refers to. Section 13, article IV, refers to acts of the legislature and not to the title of any other thing. Defendant claims the indictment was illegal because it had an habitual clause and therefore he is tried for two offenses on the same indictment. Defendant's contentions are without merit. The indictment was regular and did not violate the constitution. It told him that he was charged with burglary as an habitual criminal and set up that in 1905 he had been indicted and convicted of burglary. This is not an indictment for two different crimes and he was not tried in this trial for two different burglaries but was tried on a single indictment.

The judgment of the criminal court of Cook county is affirmed.                              *Judgment affirmed.*