(No. 29636.— ▮▮▮▮▮▮▮▮▮▮)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* AL GAVALIS, Plaintiff in Error.

*Opinion filed Nov. 20, 1946—Rehearing denied January 20, 1947.*

AL GAVALIS, *pro se.*

GEORGE F. BARRETT, Attorney General, and WILLIAM J. TUOHY, State's Attorney, of Chicago, (EDWARD E. WILSON, JOHN T. GALLAGHER, MELVIN S. REMBE, and W. S. MIROSLAWSKI, all of Chicago, of counsel,) for the People.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

Plaintiff in error, Al Gavalis, *alias* Albert J. Gavalis, *alias* Algerd Gavalis, *alias* Al J. Kavalis, who appears *pro se,* was convicted in 1941 in the criminal court of Cook county of the crime of robbery while armed with a dangerous weapon. The indictment charged armed robbery and set up in apt words his prior indictment and conviction of forgery in the Federal court. He was tried by a jury and found guilty of the crime of armed robbery and was sen-

tenced to the Illinois State Penitentiary for an indeterminate term of from one year to life.

The issue presented is whether a conviction of robbery while armed, upon an indictment making such charge and setting forth in apt words his prior indictment and conviction of forgery in a Federal court, constituted error. Plaintiff in error contends his conviction was erroneously and illegally obtained through the use of the habitual averment being set forth in the indictment, and that the statute (Ill. Rev. Stat. 1943, chap. 38, par. 602,) does not contemplate the use of a conviction in a Federal court to be the basis for classification under the Habitual Criminal Act of Illinois. He contends had it been the intent of the legislature to include foreign convictions the statute would have so provided; that there is nothing in the Illinois statute that provides for foreign convictions to be placed in indictments averring the habitual charge.

Sections 1 and 2 of the Habitual Criminal Act (Ill. Rev. Stat. 1943, chap. 38, pars. 602 and 603,) provide as follows:

"602. Punishment of habitual criminals.] Sec. 1. Whenever any person who has been convicted of * * * robbery, forgery, * * * shall thereafter be convicted of any of such crimes, committed after the first conviction, the punishment shall be imprisonment in the penitentiary for the full term provided by law for such crimes at the time of the last conviction therefor; * * *; provided that such former conviction, or convictions, and judgment or judgments shall be set forth in apt words in the indictment.

"603. Record as evidence of former conviction.] Sec. 2. On any trial for any of said offenses, a duly authenticated copy of the record of a former conviction and judgment of any court of record, for either of said crimes against the party indicted, shall be prima-facie evidence of such

former conviction, and may be used in evidence against such party."

It will be observed that specific provision is made that an authenticated copy of the record of a former conviction of any court of record is *prima facie* evidence of such conviction and may be used in evidence in such cases.

We held in the case of *People* v. *Poppe,* 394 Ill. 216, that an indictment charging burglary and averring in apt words a prior indictment and conviction of burglary in the State of Ohio properly supported a sentence under the Habitual Criminal Act. This was held a proper averment of a prior conviction in a jurisdiction other than Illinois, and we see no reason why this should not include cases coming from courts of record of Federal jurisdiction.

Plaintiff in error urges there was no legal basis for the trial court to allow evidence of his former Federal conviction to be introduced; that the statute applies only to crimes committed within the State of Illinois and no other. This contention we have answered in our construction of the statute and the case heretofore pointed out.

Plaintiff in error contends he was placed in jeopardy of being sentenced either for the crime of armed robbery or armed robbery and as a habitual criminal, as the jury might find, and this was a violation of his constitutional rights. The fact that the jury, under a proper indictment and proof, might find the plaintiff in error guilty of the crime of armed robbery or armed robbery and as a habitual criminal, would only be following the plain mandate of the statute which we have repeatedly held to be constitutional. *People* v. *Lawrence,* 390 Ill. 499.

The record discloses that plaintiff in error was given a fair trial and none of his rights were violated.

No errors appearing which would warrant a reversal, the judgment and sentence of the criminal court of Cook county are affirmed.

*Judgment affirmed.*