(No. 30723.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JAMES CRUMP, Plaintiff in Error.

*Opinion filed January 19, 1949.*

JAMES CRUMP, *pro se.*

GEORGE F. BARRETT, Attorney General, of Springfield, (EDWARD WOLFE, of Springfield, and R. S. ROWLAND, State's Attorney, of Olney, of counsel,) for the People.

Mr. CHIEF JUSTICE FULTON delivered the opinion of the court:

James Crump, plaintiff in error, was convicted in the circuit court of Richland County for the crime of assault with intent to commit a robbery, as charged in the first count of an indictment. Three counts remaining in the indictment were nol-prossed by the State's Attorney. Upon trial before a jury, a verdict was returned finding the defendant guilty "in the manner and form as charged in the first count of the indictment." Judgment was entered on the finding and Crump was sentenced to the penitentiary for a term of not less than one year nor more than fourteen years, the penalty prescribed by statute on conviction for said crime. The court added an advisory recommendation that the term of imprisonment be not less than three years and not more than fourteen years.

Defendant prosecutes this writ of error *pro se.* First he contends that the indictment is illegal, defective and insufficient because it fails to charge an offense punishable in the penitentiary by its omission of the words "feloniously, unlawfully, maliciously and wilfully."

Section 23 of division I of the Criminal Code (Ill. Rev. Stat. 1947, chap. 38, par. 58,) reads as follows: "An assault with an intent to commit murder, rape, mayhem, robbery, larceny or other felony, shall subject the offender to imprisonment in the penitentiary for a term not less than one year nor more than fourteen years."

Under the authorities of Illinois and other States, the words "unlawfully, wilfully, feloniously and maliciously" must be stated in an indictment when they constitute part of the statutory definition of the offense but do not need to be stated when they are no part of the statutory offense. (*People* v. *Connors,* 301 Ill. 112; *People* v. *Martin,* 314 Ill. 110; 27 Am. Jur., Indictments and Informations, par. 67.) We believe the indictment in this case, drawn in the language of the statute, to be sufficient.

The plaintiff further insists that the sentence in this case is erroneous and illegal, because it is not definite but uncertain. He contends that the sentence of defendant for a term of years, not less than one, nor more than fourteen, as provided by statute for the crime, and the advisory recommendation by the court fixing the minimum duration of imprisonment at three years and the maximum duration at fourteen years, leaves a doubt and uncertainty as to which order is effective. This problem was under consideration in the recent case of *People* v. *Burnett,* 394 Ill. 420. It was there stated: "The judgment of commitment entered in this case sentenced each of plaintiffs in error to the penitentiary 'for the term of one year to life or until discharged according to law.' The judgment contained a further statement that it was 'the advisory opinion of the court' that each of the defendants be confined in the penitentiary for a term of not less than 20 years nor more than 35 years."

The history and the effect of the several Parole Acts up to and including the 1943 amendment were fully discussed in the *Burnett case* and we adhere to what was stated in the opinion. This court announced in that case that "The administrative body vested with the power to administer the Parole law must observe the minimum and maximum fixed by the court. If the minimum and maximum fixed in the judgment is different from the minimum and maximum provided by law, then the Parole Board is required to follow directions of the judgment and in this

sense the provisions of the Parole Act become a part of the judgment the same as though written therein." The final pronouncement in the opinion was as follows: "The provisions of section 2 [Parole Act amendment of 1943] require the court to fix the minimum and maximum and if, in the exercise of the discretion given, he concludes that there should be a minimum and maximum different than that provided by law, then the minimum and maximum so fixed by the court becomes the basis of the judgment and the order of commitment should be entered accordingly."

Conforming to the prior holding of the court in the *Burnett case,* the judgment in this case must be reversed and the cause remanded with directions to enter a proper sentence.

*Reversed and remanded, with directions.*