(No. 31373.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* BRUNO YARSITIS, Plaintiff in Error.

*Opinion filed March 22, 1950—Rehearing denied May 15, 1950.*

BRUNO YARSITIS, *pro se.*

IVAN A. ELLIOTT, Attorney General, of Springfield, and JOHN S. BOYLE, State's Attorney, of Chicago, (JOHN T. GALLAGHER, and RUDOLPH L. JANEGA, both of Chicago, of counsel,) for the People.

Mr. JUSTICE SIMPSON delivered the opinion of the court:

Plaintiff in error, Bruno Yarsitis, was indicted at the August term, 1933, of the criminal court of Cook County, for the robbery of one Harold Beard, while armed with a pistol. The indictment contained allegations that the plaintiff in error had been previously indicted in August, 1928, in the same court, in case No. 49336, for the robbery of one Marcus Schoffer; that he entered a plea of guilty to the charge and was sentenced on September 14, 1928, to a term of imprisonment in the reformatory. The case at bar was tried before a jury and plaintiff in error was found guilty of robbery as charged, with a finding that he had been previously convicted of robbery, and was sentenced to the penitentiary for the term of his natural life in compliance with the provisions of the Habitual Criminal Act of 1883. Plaintiff in error, appearing *pro se,* has sued out a writ of error to review his conviction. The common-law record, only, is before us.

Three assignments of error are urged as grounds for reversal: (1) That the indictment is void as to the habitual criminal charge because it fails to contain an authenticated record of the prior conviction; (2) that the judgment and sentence as an habitual criminal are void because they are based on the void indictment, and (3) that plaintiff in error was denied due process and equal protection under the law, in violation of his constitutional rights, by reason of his conviction and sentence as an habitual criminal under an

indictment which was not authenticated as required by statute.

All three assignments of error are based on the sole contention that under the provisions of section 2 of the Habitual Criminal Act an indictment is void which does not contain a duly authenticated copy of the record of the former conviction. This section of the act, which has not been changed since the Habitual Criminal Act of 1883, provides as follows: "On any trial for any of said offenses, a duly authenticated copy of the record of a former conviction and judgment of any court of record, for either of said crimes against the party indicted, shall be prima facie evidence of such former conviction, and may be used in evidence against such party." (Ill. Rev. Stat. 1949, chap. 38, par. 603.) By this section the legislature has merely established a rule of evidence, which may be invoked at the trial of one charged with being an habitual criminal. (*People* v. *Gavalis,* 395 Ill. 409.) The decisions cited by plaintiff in error are cases in which this rule of evidence has been applied to the facts of the particular case. It is obvious that the provisions of section 2 of the act have no application to the form or sufficiency of an indictment. The averment of a prior conviction is not an ingredient of the offense charged in the indictment. The prior conviction alleged is merely a matter of aggravation relating solely to the punishment to be imposed. (*People* v. *Kirkrand,* 397 Ill. 588.) In order to invoke the increased penalty provided by the Habitual Criminal Act, section 1 of the act simply provides that any such former conviction and judgment shall be set forth in apt words in the indictment. (Ill. Rev. Stat. 1933 and 1949, chap. 38, par. 602.) The indictment in the instant case set out in apt words the record of the former indictment, conviction and sentence of plaintiff in error for the crime of robbery, in aggravation of the offense for which he now stands convicted. The indictment is sufficient to sustain the judgment and sentence

of plaintiff in error under the Habitual Criminal Act of 1883, which was in effect at the time of his conviction. *People* v. *Tierney*, 250 Ill. 515.

The conviction of plaintiff in error, under an indictment which is in proper form as provided by the act, does not violate any of his constitutional privileges or immunities. *People* v. *Gavalis*, 395 Ill. 409.

No errors appearing which would merit a reversal of the cause, the judgment and sentence of the criminal court of Cook County are affirmed. *Judgment affirmed.*