(No. 32304.— )

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WALLACE THOMPSON, Plaintiff in Error.

*Opinion filed September 17, 1952.*

WALLACE THOMPSON, *pro se.*

IVAN A. ELLIOTT, Attorney General, of Springfield, and JOHN S. BOYLE, State's Attorney, of Chicago, (JOHN T. GALLAGHER, RUDOLPH L. JANEGA, ARTHUR MANNING, and WILLIAM J. McGAH, JR., all of Chicago, of counsel,) for the People.

Mr. JUSTICE FULTON delivered the opinion of the court:

On December 14, 1942, the grand jury of the criminal court of Cook County returned two indictments against the plaintiff in error, one for assault with intent to commit robbery, etc., No. 42-2203, and one for armed robbery, No. 42-2204. In each case the Public Defender of Cook County was appointed to defend. In case No. 42-2204, plaintiff in error was tried by a jury and found guilty of

robbery while armed and sentenced to the Illinois State Penitentiary for a term of years not less than one nor more than life. In case No. 42-2203, plaintiff in error waived a jury and was tried before the court. He was found guilty of assault with intent to commit robbery and sentenced to the Illinois State Penitentiary for a term of years not less than one nor more than fourteen years. It was further ordered by the court that the sentence in cause No. 42-2203 runs concurrently with sentence in cause No. 42-2204.

Thompson appears *pro se* and prosecutes this writ of error seeking a review of the common-law record in both cases. No bill of exceptions has been filed.

No assignments of error appear in the abstract filed in either case. Several assignments of error appear in the brief of plaintiff in error, some of which have been presented by his argument, as follows:

His primary complaint is that it was error to have proceeded to trial without a court reporter being present to record the proceedings. It is apparent from the record that in cause No. 42-2204, a court reporter was present at sometime during the course of the trial and a partial transcript of the testimony prepared by him was filed with the clerk of this court on March 14, 1952. Plaintiff in error relies upon and cites in support of his contention the statute relating to the appointment of shorthand reporters. (Ill. Rev. Stat. 1945, chap. 37, par. 163a.) There is no merit in his contention.

Affidavits attached to such transcript attempting to support an alibi, executed three years after the date of the crime, are of no force and effect in the absence of a bill of exceptions.

Others errors assigned, such as the insufficiency of evidence to convict and the admissibility of testimony, could only be considered and determined by a bill of exceptions. *People* v. *Johnson,* 404 Ill. 33.

There is nothing in the record to show that plaintiff in error was not accorded a fair trial or that any of his constitutional rights were violated.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*