(No. 32764.

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CHARLES S. SHEPPARD, Plaintiff in Error.

*Opinion filed September 24, 1953.*

CHARLES S. SHEPPARD, *pro se.*

LATHAM CASTLE, Attorney General, of Springfield, and JOHN GUTKNECHT, State's Attorney, of Chicago, (JOHN T. GALLAGHER, RUDOLPH L. JANEGA, and ARTHUR MANNING, all of Chicago, of counsel,) for the People.

Mr. JUSTICE FULTON delivered the opinion of the court:

Plaintiff in error, Charles S. Sheppard, was convicted of the crime of assault with intent to commit robbery in the criminal court of Cook County. His motions for a new trial and in arrest of judgment were overruled and he was sentenced to imprisonment in the Illinois State Penitentiary for a period of not less than eight years nor more than fourteen years. By writ of error he seeks a reversal of the judgment of conviction and the case is presented here upon the common-law record only.

The record shows that the grand jury of Cook County returned an indictment against plantiff in error containing four counts, the first charging assault with intent to commit murder, the second, assault with a deadly weapon with intent to inflict bodily harm, the weapon being a knife, the third, assault with a deadly weapon with intent to inflict bodily harm, the exact nature of the weapon being unknown, and the fourth, assault with intent to commit robbery. The plaintiff in error appearing in person and by counsel pleaded not guilty on all counts. When his case came on for trial plaintiff in error requested that the court hear the case without a jury. The motion was allowed and the case proceeded to trial. At the close of the People's case, counsel for the plaintiff in error moved to compel the People to elect to stand on count IV alone. This motion was also allowed. At the conclusion of the trial, the court found the defendant guilty of the offense charged in count IV.

Plaintiff in error urges that the judgment of the trial court is not supported by the evidence. His statement goes at some length into questions of fact, but in the absence of a bill of exceptions and report of proceedings properly certified we cannot consider arguments relative to such matters. *People* v. *Griffin,* 402 Ill. 247; *People* v. *Ball,* 412 Ill. 37; *People* v. *Thompson,* 413 Ill. 53.

Plaintiff in error contends that count IV of the indictment under which he was convicted is not legally sufficient because it fails to charge a crime under the statute; that it lacks allegations of fact to show that the party charged actually attempted robbery and was intercepted and prevented or that the property of the owner was in his possession "even for a moment." It appears to us that this line of argument confuses indictments for assault with intent to commit a crime with those charging an attempt to commit a crime, but in any event no objection to the indictment was interposed in the trial court and its legal sufficiency cannot be challenged here for the first time. (*People* v. *Biloche*, 414 Ill. 504.) Further, the indictment, being substantially in the language of the statute, was legally sufficient. *People* v. *Crump*, 402 Ill. 204.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*