(No. 34040.—■■■■■■■)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* BURLEY ORR, Plaintiff in Error.

*Opinion filed November 26, 1956—Rehearing denied Jan. 23, 1957.*

JOHN R. SNIVELY, of Rockford, for plaintiff in error.

LATHAM CASTLE, Attorney General, of Springfield, and GEORGE P. COUTRAKON, State's Attorney, of Springfield, (FRED G. LEACH, and EDWIN A. STRUGALA, of counsel,) for the People.

Mr. JUSTICE DAVIS delivered the opinion of the court:

The defendant, Burley Orr, was indicted by the grand jury of Sangamon County for the crime of armed robbery and was charged with a prior conviction of burglary and larceny on October 11, 1920, for which he was sentenced to the Illinois State Reformatory at Pontiac, and with a further prior conviction of burglary and larceny on February 8, 1929, for which he was sentenced to the Southern Illinois Penitentiary at Chester.

The case comes before this court on writ of error to the circuit court of Sangamon County and on the common-law record, which recites that on February 17, 1947, the defendant appeared in court in person and by counsel, was furnished a copy of the indictment and a list of jurors and witnesses, waived arraignment, pleaded not guilty, was tried before a jury upon evidence introduced by the People, without offer of evidence by defendant, and thereon was found guilty of the crime of armed robbery as charged in the indictment, and the jury further found from the evidence that said defendant had, prior to the time of committing said armed robbery, been convicted of the crime of burglary and larceny. The common-law record further shows that defendant waived motion for new trial and in arrest of judgment, and that upon the verdict of the jury, the court entered judgment that defendant was guilty of the crime of armed robbery as charged in the indictment and that he had theretofore been convicted of a felony of the nature which brought him within the terms of the Habitual Criminal Act, and the defendant was sentenced to the Illinois State Penitentiary for the term of his natural life.

The defendant has urged that the Habitual Criminal Act (Ill. Rev. Stat. 1953, chap. 38, pars. 602 and 603,) is unconstitutional. However, this question was not raised or passed upon by the trial court and is not subject to review in this proceeding. *People* v. *Cosper*, 5 Ill.2d 97, 99; *People* v. *Brand*, 415 Ill. 329, 337; *People* v. *Rohde*, 403 Ill. 41, 42, *certiorari* denied, ·338 U.S. 833, 94 L. ed. 508.

The defendant has further argued that the indictment is void in that the allegation of prior convictions of burglary and larceny in the circuit court of Sangamon County on certain dates does not set forth the convictions with the particularity and definiteness required to advise the defendant of the charges he must be prepared to meet. However, the law is adverse to this contention. (*People* v. *Yarsitis*, 406 Ill. 99, 101; *People* v. *Miner*, 379 Ill. 624, 625; *People* v. *Vinci*, 369 Ill. 563, 565.) The defendant has likewise argued, from the decision of *People* v. *Byrnes*, 405 Ill. 103, that the indictment is insufficient in that the charge under the Habitual Criminal Act is founded upon the prior conviction and sentence of the defendant to the Illinois State Reformatory. In the *Byrnes case*, the habitual criminal charge was based solely on the record of a former conviction of forgery in the State of Wisconsin under which Byrnes had been sentenced to confinement at hard labor in the House of Correction for Milwaukee County. This case stands as authority for the proposition that the habitual criminal charge of an indictment is void unless based on a conviction where the punishment is imprisonment in the penitentiary. However, in the case at bar, the habitual criminal charge of the indictment likewise alleged a further prior conviction for burglary and larceny on February 18, 1929, for which the defendant was sentenced to the Southern Illinois Penitentiary at Chester. This allegation is sufficient to support the habitual criminal charge. *People* v. *Moore*, 9 Ill.2d 224, 230.

This court condemns the practice of including in the

habitual criminal charge of an indictment an allegation of a prior conviction for a felony and sentence to the Illinois State Reformatory. Yet under the facts of this case, and in reviewing the judgment of conviction herein, it is not our function to determine whether the record is perfect, but whether the defendant has had a fair trial and whether his conviction is based upon evidence establishing his guilt beyond a reasonable doubt. And where, as in this case, there is no evidence to indicate anything other than the defendant's guilt, we conclude that the result would not have been different had the error complained of not been committed, and the judgment and conviction will not be set aside because of such error. *People* v. *Sleezer,* 9 Ill.2d 57, 62; *People* v. *Skelly,* 409 Ill. 613, 628; *People* v. *Davis,* 406 Ill. 215, 223 and 224; *People* v. *Cardinelli,* 297 Ill. 116, 129.

The defendant has assigned as error that the indictment by the grand jury was made without any evidence of prior convictions. The argument is bottomed on the assumption that only the clerk of the circuit court of Sangamon County could have testified to prove prior convictions, and since his name was not listed as a witness on the indictment, no proof was made. We do not agree with the assumed major premise of this syllogism. However, under existing law the court will not inquire into proceedings before a grand jury in order to determine whether the evidence heard by that body was sufficient to support the indictment unless all of the witnesses were incompetent, or all the testimony upon which the indictment was found was incompetent. (*People* v. *Derrico,* 409 Ill. 453, 457; *People* v. *Price,* 371 Ill. 137, 140; *People* v. *Duncan,* 261 Ill. 339, 343.) Such was not the fact in the case at bar.

The defendant has further urged that there was no arraignment. The common-law record recites: "The said defendant waives arraignment and the defendant pleads not guilty." A defendant may waive arraignment, and does

waive it by entering a plea and proceeding to trial. (*People v. Evenow,* 355 Ill. 451, 453.) The defendant has also argued that he was denied the effective assistance of counsel. The common-law record discloses that the defendant appeared in court in person and by counsel. In the absence of a bill of exceptions or report of proceedings at the trial, the only factual record before this court is that the defendant was represented by counsel, and there is nothing to show that such counsel was not of his own choice.

In the case at bar the defendant has likewise alleged that he was denied a fair trial; that the court erred in the admission of evidence; that the evidence failed to establish his guilt beyond all reasonable doubt; and that the verdict is insufficient to support the judgment. Without a bill of exceptions there are no facts before this court from which it can determine whether the defendant was denied effective assistance of counsel and a fair trial, or whether the trial court erred in its rulings pertaining to the admissibility and sufficiency of evidence. *People v. Thompson,* 413 Ill. 53, 54; *People v. Clifton,* 408 Ill. 475, 479; *People v. Johnson,* 404 Ill. 33, 35; *People v. Griffin,* 402 Ill. 247, 250; *People v. Klien,* 395 Ill. 449, 450; *People v. Johns,* 388 Ill. 212, 214.

Upon consideration of the errors assigned by the defendant, we conclude that the judgment of the circuit court of Sangamon County should be affirmed. However, one further matter pertaining to this conviction deserves comment. Without suggestion of counsel, this court takes judicial notice of the fact that the defendant, *pro se,* heretofore filed a petition in the circuit court of Sangamon County, Illinois, for relief under the Post-Conviction Hearing Act. (*People ex rel. Holzapple v. Regan,* 2 Ill.2d 124, 130; *Lee v. Finley,* 413 Ill. 445, 447.) This petition was denied and on August 26, 1953, the petitioner made application in this court for writ of error to said circuit court

to review this judgment. In said petition, the defendant charged, as in the case at bar, that the indictment was illegally returned; that there was insufficient proof of his former conviction; that the evidence was insufficient to convict him; and that counsel, who was alleged to have been appointed, was incompetent. This court considered said petition at the September Term, 1953, and found therefrom that no facts were alleged in support of the charge that the indictment was illegally returned; that the charges relative to the insufficiency of the evidence raised no constitutional question; and that the charge of incompetency of counsel, which was based largely on the contention that the attorney for the defendant should have been more vigorous in his objections and cross-examination, was insufficient to warrant a hearing. The application for writ of error was denied. The defendant thereupon filed in the Supreme Court of the United States, at the October Term, 1953, petition for writ of *certiorari* to the Supreme Court of the State of Illinois in said proceeding, and on consideration the United States Supreme Court denied said petition on January 4, 1954.

Section 3 of the Post-Conviction Hearing Act provides: "Any claim of substantial denial of constitutional rights not raised in the original or an amended petition is waived," (Ill. Rev. Stat. 1953, chap. 38, par. 828,) and constitutional rights, like any other rights, may be waived. (*People* v. *Adams,* 4 Ill.2d 453, 458; *People* v. *Jennings,* 411 Ill. 21, 25; *People* v. *Watson,* 394 Ill. 177, 183.) These facts were not brought to the attention of this court, and we refrain from passing on the legal effect of section 3 of the Post-Conviction Hearing Act and the prior adjudication of the errors charged in this review.

*Judgment affirmed.*