(No. 41225.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* J. C. TRIBBETT, Appellant.

*Opinion filed November 22, 1968.*

RENO, O'BYRNE & KEPLEY, of Champaign, (VANCE I. KEPLEY, of counsel,) appointed by the court, for appellant.

JOHN J. BRESEE, State's Attorney of Urbana, for the People.

Mr. JUSTICE WARD delivered the opinion of the court:

At about four o'clock in the morning of June 3, 1966, the attendant in an automobile service station at Rantoul was robbed by two armed men.

Indictments charging the defendant, J. C. Tribbett, with the armed robbery and burglary were returned on June 23, 1966, in the circuit court of Champaign County. The indictments were consolidated for trial and Tribbett was found guilty on both charges after a trial by jury and was given a sentence of one to twenty-five years on the robbery judgment. No sentence was imposed on the burglary conviction, it apparently having been considered that the two offenses arose from the same conduct. The Appellate Court for the Fourth District affirmed the conviction and we granted Tribbett's petition for leave to appeal.

He argues that the trial court erred in admitting into evidence against him a revolver which was found in an automobile involved in the case. He contends, too, that, considering its circumstances, the identification of him by the victim is insufficient as evidence to support his conviction. Error is claimed, also, in the trial court's denial of his motion for the production of "tangible evidence" in the possession of the People.

William D. Terrio, an airman, who apparently had

part-time employment as an attendant, testified that two men with guns entered his station and informed him it was a "holdup." He attempted to frustrate the men by locking the cash register and refusing to give up the key. However, one of the pair struck him on the head with a gun, and having secured the key, forced him into the restroom. The robbers fled in their 1959 white Ford but were pursued by Terrio, who had hailed a passing auto and given chase. A police car joined the pursuit but it could not overtake the Ford. However, police later did find the car in an alley near a U.S.O. building adjacent to the Chanute Air Force Base. The defendant was stopped on the base at about 5:30 A.M. by two Air Force police and when a large amount of silver money and loose currency was found on his person, he was turned over to the Rantoul police. The base is enclosed by a chain link fence, topped with three strands of barbed wire. Tribbett had fresh scratches on his body, hands and arms and had tears in his clothing. He was taken in a squad car by four officers to the service station where Terrio, after viewing Tribbett through the squad car window, identified him as one of the robbers. Earlier, police had brought Torrio to view two other suspects and the victim had stated that neither had been involved. Terrio had given the police the license number of the robbers' 1959 white Ford prior to its recovery and the abandoned 1959 white Ford bore that number. Tribbett admitted in his testimony at trial that the abandoned Ford was his and that a .22 calibre revolver found by police on its floor board belonged to him. But, he denied the robbery and testified that he was driving through Rantoul on his way from Chicago to Memphis. He became alarmed when a police car began to follow him and speeded in an attempt to elude it. He was on probation, he testified, and did not wish police to find him in possession of the loaded gun he was carrying. The money found in his pocket by the base police had been won by him in a dice game in Kankakee, he testified.

Oliver Dority, who had pleaded guilty to the robbery and who was under sentence for the crime at the time of Tribbett's trial, was called by the defendant as a witness. He testified that his accomplice was one James Randall and not Tribbett. Dority related that the auto of a friend with whom he was driving had broken down and that Dority began walking to seek assistance. He was picked up by a passing motorist and he stated that he and the stranger, Randall, drove to Rantoul, where they committed the robbery.

The defendant's contention that the trial court erred in receiving the gun found in his auto into evidence cannot be sustained. The criterion of admissibility for a weapon in a case such as this was the subject of our comment in *People* v. *Ashley*, 18 Ill.2d 272, at 280, where we said: "Thus, a weapon may be admitted in evidence where there is proof to connect it with the defendant and the crime. However, it is not necessary to establish that the particular weapon was the one which was actually used. Where the proper connection is established and it is shown the defendant possessed a weapon which could have been used in the commission of the crime, it may be admitted in evidence. (*People* v. *Mikka*, 7 Ill.2d 454; *People* v. *Dale*, 355 Ill. 330.)" The weapon here was clearly admissible. The accused admitted that the auto in which the gun was found was his. He admitted, too, that the gun was his. He was identified by the victim as one of the two robbers who were armed with guns and the victim gave evidence that the auto in which the robbers fled was the defendant's car. Tribbett admitted that he had sought to elude the squad car and had abandoned his auto after a chase and had climbed the fence and entered the air base where he was arrested. The robbery occurred between four o'clock and a quarter after four in the morning. The arrest of the accused occurred at about five-thirty that morning and, judging by a

report the air base police received, Tribbett's auto was abandoned about four-thirty.

The gun clearly was sufficiently connected with the crime and the accused to make it relevant as evidence. *People* v. *Jones,* 22 Ill.2d 592.

Tribbett's argument that his identification by the robbery victim is insufficient as evidence to support his conviction does not persuade. It has been the firm holding of this court that the testimony of a single witness, if it is positive and the witness is credible, is sufficient for a conviction even though the accused has contradicted the testimony. (*People* v. *Cox,* 22 Ill.2d 534; *People* v. *Miller,* 30 Ill.2d 110.) Here, the victim of the robbery, Terrio, who had previously been shown two other suspects by the police, unequivocally identified the defendant as one of the robbers. The record shows that the service station was well lighted, that the robbers had been in the presence of the victim for a number of minutes and that they did not wear masks or otherwise seek to conceal their appearances. The evidence of the identification of the defendant by Terrio shortly after the crime, the flight by the appellant in his auto and the pursuit by Terrio and the police, the abandonment by Tribett of his car and gun, the circumstances of his arrest at the air base, and the improbable coincidence that the amount of money he won in the dice game was approximately the same as the robbers took from the register in the station—pointed unmistakably to his guilt.

That a discrepancy appears between the testimony of Terrio and the air policemen concerning descriptions given of the shirt or jacket Tribbett was wearing cannot be regarded as important under the circumstances here. One of the police testified that the accused was wearing a "gold looking sweater shirt" and the other described it as a gold and white sport shirt. Terrio on both direct and cross-examinations declared he didn't recall the shirt or jacket

Tribbett wore, but, when pressed by the cross-examiner, said the appellant wore "possibly a suitcoat or jacket" which "seemed to be brown or tannish." He added that he was not certain of the color.

The jury was incredulous of the testimony of Dority, the other robber. Its disbelief is understandable. The credibility of witnesses and the weight to be given their testimony are matters for the jury. A determination of guilt by the jury will not be set aside by this court unless it is palpably contrary to the weight of the evidence or so unsatisfactory as to cause a reasonable doubt of guilt. *People* v. *Peto,* 38 Ill.2d 45.

We deem it unnecessary to consider whether the trial court erred in denying the defendant's motion that the People "make available to counsel for the defendant for inspection all items of tangible evidence which the People have in their possession or control or intend to introduce into evidence." The only so-called tangible object introduced into evidence by the prosecution was his gun which was found in his auto. We can see no possibility that he sustained prejudice through not being able to examine the gun. We said in *People* v. *Bridges,* 28 Ill.2d 165, 172: "Where there is no evidence to indicate anything other than the defendant's guilt and it appears that the result would not have been different had the error complained of not occurred, the judgment will not be set aside. *People* v. *Orr,* 10 Ill.2d 95, 98."

The judgment is affirmed.

*Judgment affirmed.*