THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RONALDO ARAUJO, JR., Defendant-Appellant.

First District (1st Division)   No. 1—91—2081

Opinion filed March 31, 1994.—Rehearing denied May 9, 1994.

Joseph R. Lopez, P.C., of Chicago, for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, Linda Woloshin, and Martin P. Head, Assistant State's Attorneys, of counsel), for the People.

JUSTICE BUCKLEY delivered the opinion of the court:

Following a jury trial, defendant Rolando Araujo was found guilty of first-degree murder and was sentenced to a term of 50 years in the

Illinois Department of Corrections. Defendant appeals his conviction. We affirm.

At defendant's trial, Regalberto Figueroa, Gabriel Mujica and Ismael Martinez testified on behalf of the State. Their testimonies are corroborative and the following is a summation of them.

On August 23, 1988, at about 6:15 p.m., Figueroa, Martinez, David Chacon and Mujica, all admittedly members of the Bishop street gang, met Mario Rodriguez upon leaving Harris Park. After conversing, Figueroa, Mujica and Martinez began walking north on the east side of the street, while Chacon and Rodriguez walked across to the west side of the street.

Defendant, a member of the Ambrose street gang, drove past them heading north towards 18th and Wood Streets, stopped his maroon-colored car, jumped out and shot at Rodriguez. Rodriguez fell between two parked cars; defendant ran over to him and fired several shots down into his body. Then, defendant ran back down the street, got into his car and drove away. Meanwhile, Robert Mendoza, also an Ambrose street gang member, was standing on the east side of the street shooting in the direction of Figueroa, Mujica, and Martinez.

Zaida Cintron, an Ambrose gang member and Mendoza's girl friend at the time of the shooting incident, also testified on behalf of the State. She testified that at about 6:30 p.m., on August 23, 1988, she was walking at 18th and Throop Streets, about six blocks from the scene of the murder, noticed defendant driving a maroon-colored car and asked him for a ride. Defendant told Cintron that he could not oblige her because he needed to hide his .38-caliber gun since he "had done something." At the time, defendant was alone in the car.

Officer Spratte testified for the State that on August 23, 1988, he and Detective McGreal heard a radio transmission at about 6:40 p.m. which instructed them to proceed to 8059 South Oketo in an effort to apprehend defendant, who was identified as a gunman in a shooting. Since Spratte is an expert on Chicago street gangs, specializing in knowledge of Pilsen area gangs, he knew that defendant lived at the above address. They arrived at the address at about 7:10 p.m. and saw a maroon Toyota Cressida in the driveway. They watched the house until defendant came out of it at about 7:30 p.m., at which time they arrested him. Later that evening, Spratte obtained a search warrant for 8059 South Oketo. Upon execution, a dark Smith and Wesson .38-caliber revolver was retrieved. Detective McGreal's testimony corroborates the above.

The State's firearm expert examined the bullets recovered from decedent's body and analyzed whether they came from the revolver obtained from defendant's residence. The expert testified that the

bullets recovered from decedent's body were consistent with having been fired from that gun. The State rested its case in chief.

Officer Delgado of the Chicago police department testified on behalf of defendant. Delgado stated that on August 23, 1988, while off duty, he was driving west on 18th Street when he witnessed Willie Perez firing a gun from 18th and Wood Streets. He saw Perez walk down the street and fire several more shots between two parked cars. He noticed a red Toyota double parked at 18th and Wood Streets.

Terry Cornell, a private investigator for defendant, testified that he had interviewed Mujica, who allegedly told him that he was not at the scene when decedent was shot. Cornell further testified that he interviewed Figueroa in jail. Figueroa allegedly told Cornell that he did not see who shot decedent. Mujica and Figueroa denied ever making those statements and confirmed that they were never afforded the opportunity to review Cornell's notes or sign them. Defendant rested.

Then, the State moved to reopen the cross-examination of Delgado. The circuit court allowed the State to do so. When Delgado took the witness stand again, he admitted that he had been a member of the Ambrose street gang 30 years previously. On redirect, defendant asked Delgado several questions in an attempt to rehabilitate him. The circuit court sustained two of the State's objections on the basis that the questions regarding Delgado enlisting in the United States Marine Corps and what his employment was at age 20 were beyond the scope of the State's cross-examination.

Thereafter, the State and defendant presented their closing arguments and the circuit court gave the jury instructions. After deliberating, the jury found defendant guilty of first-degree murder. Now, defendant appeals his conviction, arguing that he was not proven guilty of first-degree murder beyond a reasonable doubt and that the circuit court improperly admitted the .38-caliber revolver and allowed the State to reopen its cross-examination of Delgado.

■ First, we address defendant's argument that the .38-caliber revolver was improperly admitted into evidence on the basis that there was insufficient proof to connect the weapon to defendant and the crime. A gun " 'is relevant if there is evidence to connect it with the defendant and with the crime.' " (*People v. Gonzales* (1968), 40 Ill. 2d 233, 240, 239 N.E.2d 783, 789, quoting *People v. Jones* (1961), 22 Ill. 2d 592, 599, 177 N.E.2d 112, 116.) Proof of the connection between the gun and the defendant and the crime may be circumstantial. *People v. Hoffstetter* (1990), 203 Ill. App. 3d 755, 560 N.E.2d 1349.

In the case at bar, there was testimony and evidence that (1) defendant shot decedent with a .38-caliber gun, (2) defendant stated

that he had to hide his .38 because he "had done something," (3) the gun was found in his residence, and (4) the bullets found in decedent's body were consistent with having been shot from the gun found in defendant's home. "Where there is evidence that the defendant used a particular type of weapon and a similar weapon is found, the jury may reasonably infer that it was the one used to commit the offense." *People v. Fierer* (1988), 124 Ill. 2d 176, 194, 529 N.E.2d 972, 979, citing *People v. Tribbett* (1968), 41 Ill. 2d 267, 242 N.E.2d 249.

In the instant case, there is ample evidence to connect defendant to the gun and the gun to the crime. Accordingly, we hold that the gun was relevant evidence and, therefore, properly admitted.

■ Defendant's next argument on appeal is that the circuit court erred in allowing the State to recall Officer Delgado in order to reopen cross-examination and in refusing to allow defendant to rehabilitate him. It is within the circuit court's discretion to allow a witness to be recalled. (*People v. Ishmael* (1984), 126 Ill. App. 3d 320, 466 N.E.2d 1334.) The circuit court's decision to allow a witness to be recalled for further cross-examination should not be disturbed on review absent an abuse of that discretion. *Ishmael*, 126 Ill. App. 3d 320, 466 N.E.2d 1334.

The reopening of cross-examination was not an abuse of discretion. The State asked only one question. That question related to the witness' credibility and bias; his past membership in the same gang of which defendant is also a member. Defendant was then allowed ample time and opportunity to rehabilitate the witness. In fact, defendant asked Delgado more than 15 questions in an attempt to rehabilitate the witness' credibility. The circuit court properly disallowed redirect on issues outside the scope of the State's cross-examination. The scope of redirect examination is also within the discretion of the circuit court and should not be reversed unless there "is a clear abuse of discretion resulting in manifest prejudice to defendant." (*People v. Washington* (1984), 127 Ill. App. 3d 365, 468 N.E.2d 1285.) After reviewing the record, we find no clear abuse of the circuit court's discretion on this issue.

■ Defendant's last argument on appeal is that he was not proven guilty of first-degree murder beyond a reasonable doubt. When presented with the issue of sufficiency of the evidence, it is not a reviewing court's function to retry the defendant. (*People v. Collins* (1985), 106 Ill. 2d 237, 478 N.E.2d 267.) Rather, after viewing the evidence in a light most favorable to the State, a reviewing court must determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. (*Collins*, 106 Ill. 2d at 261, 478 N.E.2d at 277, citing *Jackson v. Virginia* (1979),

443 U.S. 307, 61 L. Ed. 2d 560, 99 S. Ct. 2781.) We must be mindful that the trier of fact is in the best position to judge the credibility of the witnesses, determine the weight to be given their testimony and the reasonable inferences to be drawn therefrom. *People v. Furby* (1990), 138 Ill. 2d 434, 563 N.E.2d 421.

Three witnesses testified that they saw defendant shoot decedent and deliberately walk over to him and shoot his remaining bullets into decedent. Additionally, the three witnesses not only identified defendant, but accurately described his car, while a fourth witness testified that she spoke with him just minutes after the shooting, a few blocks away from the scene as he drove past her in that same car. Defendant told that witness that he needed to go home and hide a .38-caliber gun because he had just "done something." An hour and one-half after the shooting, police arrested defendant outside his home, which had a car similar to that described by the above four witnesses parked in the driveway. Six hours after defendant's arrest, police executed a warrant on defendant's house and found a .38-caliber gun. An expert later found that the bullets recovered from decedent's body were consistent with being fired from that gun.

After viewing the evidence in a light most favorable to the State, we find that a rational trier of fact could have found all the elements of murder in the first degree. We, therefore, affirm defendant's conviction.

For the foregoing reasons, the conviction of the circuit court of Cook County is affirmed.

Affirmed.

CAMPBELL, P.J., and MANNING, J., concur.