(No. 31191

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* BENNETT TWITTY, Plaintiff in Error.

*Opinion filed January 18, 1950.*

BENNETT TWITTY, *pro se.*

IVAN A. ELLIOTT, Attorney General, of Springfield, and ROBERT R. CANFIELD, State's Attorney, of Rockford, (DALE F. CONDE, of Rockford, and HARRY L. PATE, of Tuscola, of counsel,) for the People.

Mr. JUSTICE GUNN delivered the opinion of the court:

Plaintiff in error, Bennett Twitty, hereinafter named defendant, was tried and convicted in the circuit court of Winnebago County at the October term, 1947, of the crimes of rape and indecent liberties, and was sentenced to ten years in the penitentiary. He brings this writ of error upon the common-law record only. The cause was tried before a jury and no bill of exceptions was saved.

The error assigned is the refusal of the court to grant a new trial, and while other grounds are set forth in the formal motion, the only error argued is newly discovered evidence. This is presented to the court in the form of affidavits. We have held many times that affidavits are not a part of the common-law record in criminal cases. As late as the case of *People* v. *Loftus,* 400 Ill. 432, we announced that "when the review is had upon the common-law record, the sole matter only that may be considered by the court is error appearing upon the face of the record, and matters may not be added by argument, affidavit, or otherwise to supply or expand the record."

No question is raised as to the fairness of the trial or the conduct thereof by the court. Since the affidavits presented are no part of the record, this alleged error, under many authorities, is not open to review. *People* v. *Reese,* 355 Ill. 562; *People* v. *Johns,* 388 Ill. 212; *People* v. *Montville,* 393 Ill. 590; *People* v. *Griffin,* 397 Ill. 456.

While not before us, we might add we have examined the matter contained in the brief and argument of plaintiff in error, and find that even were it a part of a proper bill of exceptions, it would be wholly insufficient ground upon which to reverse the judgment.

The judgment of the circuit court of Winnebago County is accordingly affirmed.

*Judgment affirmed.*