(No. 36620.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* EDWARD WILLIAMS, Plaintiff in Error.

*Opinion filed May 27, 1963.*

EDWARD B. LANE, of Hinsdale, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and EDWARD J. HLADIS and RONALD W. OLSON, Assistant State's Attorneys, of counsel,) for the People.

Mr. CHIEF JUSTICE SOLFISBURG delivered the opinion of the court:

The defendant Edward Williams was indicted jointly with Earl Grier in Cook County on a charge of robbery. A jury, while finding Grier not guilty, found Williams guilty as charged, and he was sentenced to a term of 8 to 15 years in the penitentiary. He brings this writ of error to reverse his conviction. Defendant contends that he was not proved guilty beyond a reasonable doubt, and that his conviction was obtained by the use of incompetent evidence and prejudicial argument.

It appears from the record that one Charles Levi, on January 29, 1961, had collected some rents in a building owned by him, and about 9:00 A.M. he was approached by three men who took the money from him at gun point. At the police station the victim identified the defendants as two of the men who had robbed him. Mrs. Elsie Yore, who had witnessed the robbery from a distance of about 20 to 30 feet, also identified the defendant Williams from a group of seven men at a police lineup but was unable to identify the other defendant, Grier. Rubin Mitchell testified that he saw three men leave the scene of the robbery in a two-tone Buick car, "about a 1953, white over blue," with sea horse decals in front. About an hour later a police officer, acting in response to a radio message describing the car as a 1955 model, apprehended the two defendants in such a car. According to the arresting officer, the defendants denied knowledge of the robbery and defendant Williams stated he had been sitting in the car for the past hour waiting for Grier. When confronted with the fact that the motor was hot, he said he had been running the motor. He later stated to a detective that he had been driving around with Grier This was contradicted by Grier and Williams's mother.

Williams testified that he had been driving around for about an hour alone, that he did not rob Levi, and did not tell the police he had been parked in front of the house for

an hour. He testified that he had been convicted of burglary in 1946. Four witnesses testified that Grier joined Williams just before the arrest.

Defendant's contention that he was not proved guilty beyond a reasonable doubt is based upon two alleged discrepancies in the People's case. Levi testified that Williams was wearing a dark hat, which Mrs. Yore described as a brown hat. However, at the time of his arrest, Williams was wearing a grey hat. He also points out that the police radio message described a 1955 rather than a 1953 car. We think this argument is without merit. Such minor discrepancies are insufficient to raise a reasonable doubt of guilt in the face of positive identification by two witnesses, together with the other corroborating circumstances.

We are of the opinion that the entire record compels a conclusion of guilt on the part of defendant Williams. We further find from the record that Williams received a fair trial. Some objectionable questions were asked, but objections thereto were sustained and answers stricken, and therefore we find that the verdict was not based upon incompetent evidence. The arguments of the assistant State's Attorney, while vigorous, were justified by the evidence and were not prejudicial. We do not believe the jury could have reached any other conclusion in the light of the evidence.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*