**The People of the State of Illinois, Defendant in Error, v. Major Peery, Otherwise Called Major Perry, Plaintiff in Error.**

**Gen. No. 51,442.**

First District, Fourth Division.

March 31, 1967.

Allen S. Pesmen, of Chicago, for plaintiff in error.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane, Assistant State's Attorney in Charge of Appeals, Criminal Division, and Theodore M. Swain, Assistant State's Attorney, of counsel) for defendant in error.

MR. JUSTICE DRUCKER delivered the opinion of the court.

After a bench trial the defendant, Major Peery (otherwise called Major Perry) was convicted of attempted murder and of aggravated battery. For each crime he was sentenced to the penitentiary for a term of not less than five nor more than ten years, the sentences to run concurrently. Defendant appealed directly to the Supreme Court and the cause was transferred to this court.

**Contentions on Appeal**

1. The court erroneously placed the burden of proof upon defendant to prove his affirmative defense of self-defense, and the State's burden of proof was not met; [1]

2. New evidence has been discovered which is sufficient to justify a new trial; and

3. Defense counsel was incompetent.

---

[1] Defendant relies upon the following statutes: (a) Illinois Revised Statutes, 1961, chapter 38, section 7-1, which provides:

> A person is justified in the use of force against another when and to the extent that he reasonably believes that such conduct is necessary to defend himself or another against such other's imminent use of unlawful force. However, he is justified in the use of force which is intended or likely to cause death or great bodily harm only if he reasonably believes that such force is necessary to prevent imminent death or great bodily harm to himself or another, or the commission of a forcible felony.

(b) Illinois Revised Statutes, 1961, chapter 38, section 7-14, which provides:

> A defense of justifiable use of force, or of exoneration, based on the provisions of this Article is an affirmative defense.

(c) Illinois Revised Statutes, 1961, chapter 38, section 3-2, which provides:

> (a) "Affirmative defense" means that unless the State's evidence raises the issue involving the alleged defense, the

374

## Evidence

According to the undisputed evidence defendant shot and wounded Odell Levie six times: three times in the back and once each in the face, left arm and stomach. The shooting took place at the rear of a tavern. Levie testified that he was asked (by a man other than defendant) if he wished to purchase whiskey for fifty cents, he (Levie) reached in his pocket and was shot by defendant for no reason. Levie further testified that:

> I asked him [defendant] what he shot me for. He fired again and hit me in the left arm and I turned to run and he shoots me through the stomach. I fell. He walked up maybe five or six feet from me and shot me three times in the small part of my back.

A witness, Lucille Bell, testified that she first heard shots while her back was toward the action; that she turned around and saw defendant chasing Levie and still shooting at him. Another witness, Willie Lou Higgins, testified that she heard a shot, turned around to view the action, and saw Levie running; that Levie fell and defendant continued to shoot at him. The testimony of the witnesses was in conflict as to the events preceding the shooting and as to whether there was gambling at the rear of the tavern where the shooting took place.

Defendant testified that while en route to his brother's house with a fully loaded gun (which he desired to keep there for safekeeping) he met Alfred Spears, with whom he drank whiskey at the tavern where the shooting took place; that he went to the rear of the

---

defendant, to raise the issue, must present some evidence thereon.

(b) If the issue involved in an affirmative defense is raised then the State must sustain the burden of proving the defendant guilty beyond a reasonable doubt as to that issue together with all the other elements of the offense.

tavern and participated in a dice game which was being run by Odell Levie; that a disagreement ensued between defendant and Levie over a bet whereupon the latter snatched a five-dollar bill from defendant's hand; and that when defendant reached for the bill, Levie pushed him back (defendant allegedly was wearing a cast on his foot) and said: "Me or you, big boy." At the same time Levie fumbled in his pocket and defendant saw what looked like a knife or gun handle, and defendant pulled out his gun and shot at Levie until it was empty. Defendant stated that at no time did he chase Levie.

## Opinion

Defendant first contends that the trial judge erroneously placed the burden of proof upon him to prove self-defense, and relies solely upon the trial judge's statement in a hearing on aggravation and mitigation that: "[T]aking his [defendant's] word as true, I think his own evidence shows he is guilty and he is not justified in making the shooting." We cannot find from this gratuitous remark an intimation that the trial judge was of the belief that defendant had the burden of proving self-defense. The remark was made after the finding of guilty based upon all of the evidence. According to the report of proceedings it is clear that the trial judge, after hearing uncontradicted testimony that the victim (Levie) was shot three times in the back, did not believe defendant's testimony that he stood facing the victim and fired six successive shots. The judge did believe the pertinent testimony of the prosecution's witnesses who stated that defendant shot Levie as the latter was attempting to flee. Therefore, even assuming that defendant was justified in his belief that Levie was drawing a knife or a gun, defendant was not justified in firing those shots at the victim while the latter was either running away or lying

wounded on the ground. The right of self-defense does not permit killing in retaliation or revenge, nor does it allow the pursuit and killing of an aggressor after the aggressor abandons the quarrel. People v. Thornton, 26 Ill2d 218, 186 NE2d 239. In the instant case the evidence was sufficient to justify the trial judge's finding that the attempted killing of Odell Levie was not done in self-defense.

■ Defendant also contends that a post-trial affidavit of Alfred Spears (an occurrence witness who did not testify at the trial) is sufficient new evidence to justify a new trial. He also claims on the basis of this same affidavit that his counsel was incompetent because he failed to request a bench warrant for this witness. The affidavit, dated two years subsequent to the trial, is not part of the record and was attached to the abstract without leave of court. These contentions, therefore, cannot be considered on review. People v. Twitty, 405 Ill 60, 89 NE2d 827.

**Holding on Appeal**

■ Defendant was convicted of attempted murder and of aggravated battery, both of which arose from the same conduct. Though this contention was not raised on appeal, under People v. Schlenger, 13 Ill2d 63, 147 NE2d 316, concurrent sentences for crimes arising from the same conduct are improper and the conviction of the lesser crime must be reversed. (See also People v. Duszkewycz, 27 Ill2d 257, 189 NE2d 299.) Therefore the conviction of attempted murder is affirmed and the conviction of aggravated battery is reversed.

Affirmed in part; reversed in part.

ENGLISH, P. J. and McCORMICK, J., concur.