**People of the State of Illinois, Plaintiff-Appellee, v. Joseph Dowling, Defendant-Appellant.**

**Gen. No. 51,804. (Consolidated with Gen. No. 51,805.)**

First District, Second Division.

May 7, 1968.

Gerald W. Getty, Public Defender of Cook County, of Chicago (George L. Lincoln, Norman W. Fishman, and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

John J. Stamos, State's Attorney of Cook County, of Chicago, for appellee.

MR. PRESIDING JUSTICE BURKE delivered the opinion of the court.

Defendant was found guilty at a bench trial of the crime of attempt burglary and was sentenced to a term of 13 to 14 years in the penitentiary. The sole contention raised on this appeal is that the defendant's trial counsel deprived him of a fair trial in failing to request a change of venue from the trial judge.

The trial judge presided at the jury trial of the defendant one month earlier, which resulted in a conviction of the defendant on the charge of armed robbery. (See People v. Dowling, 95 Ill App2d 223. Sentencing of the defendant after the armed robbery conviction was post-

poned pending the outcome of the trial involved in the instant appeal. The trial judge sentenced defendant to a term of 25 to 50 years in the penitentiary on the armed robbery conviction, and to a term of 13 to 14 years on the conviction herein, the sentences to run concurrently.

Chicago Police Officer Donald Roth testified that he responded to a squadrol radio communication on March 4, 1966, and went to a two-flat building located on the northwest side of Chicago, owned by Mr. and Mrs. Abe Artstein. As the officer approached the front door of the building he observed two men in the vestibule, one of whom was in a crouched position and "working on the door" with a crowbar and the other standing by his side. The men were later identified as the defendant, who was standing, and John Elwell, who was in the crouched position. The officer drew his revolver and announced his office. As he began to open the door, he heard a gunshot and observed Elwell fall to the floor. Defendant surrendered and walked out of the building with his hands up. Officer Roth testified that he did not shoot Elwell, but that defendant later told him that Elwell shot himself because he did not want to go to the penitentiary. A subsequent inspection of the area revealed marks on the door at the place were defendant and Elwell had been when approached by the officer, a piece of metal in the door lock, and an ice pick with a broken tip laying on the floor.

Defendant contends that the trial judge heard a police officer testify at the robbery trial that defendant stated to him in response to questioning, "I know nothing about a robbery, all you have me for is attempt burglary. I was backing up a man in a burglary," and was consequently prejudiced, thereby necessitating a change of venue. We disagree.

Defendant was represented by the same counsel at the armed robbery trial and the trial involved herein. No ob-

221

jection was raised that the trial judge below was the same judge who presided at the robbery trial. In fact, a jury was waived for the attempted burglary trial. Whether this was trial strategy on the part of counsel we need not conjecture, People v. Wesley, 30 Ill2d 131, 136, 195 NE2d 708; the record clearly bears out that counsel was competent and acted in the interests of the defendant throughout the trial.

As to defendant's claim that the trial judge was prejudiced by his participation at the armed robbery trial, the records in both the armed robbery trial and the instant trial bear out that the judge was concerned with affording the defendant a fair trial. During the armed robbery trial the judge, of his own violation, called defendant's counsel aside and suggested that he not go into matters not connected with the case and that counsel be careful in his questioning. In the instant case, the judge sustained objections to such testimony by the police officer that he received a radio report of a "burglary in progress," that the officer observed "jimmy marks" on the door, and the like.

Defendant cites People v. Chatman, 36 Ill2d 305, 223 NE2d 110, in support of his position in this regard. In Chatman, the defendant was found guilty of two separate but similar crimes by the same trial judge at bench trials on two consecutive days. Furthermore, after the first trial the judge indicated his attitude toward the defendant by making disparaging remarks concerning his alibi. Here the armed robbery trial of Joseph Dowling was before a jury and the instant trial was without a jury one month later. The record in each trial reveals that the judge was concerned that defendant receive a fair trial.

For these reasons the judgment is affirmed.

Judgment affirmed.

McNAMARA and LYONS, JJ., concur.