THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* THOMAS DIXON (Impleaded), Defendant-Appellant.

(No. 56381; ▮▮▮▮▮▮▮▮▮)

First District (3rd Division)—May 31, 1973.

Arthur Lewis Belkind, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago, (Elmer C. Kissane and John C. O'Rourke, Jr., Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE McGLOON delivered the opinion of the court:

In November, 1970, the defendant, Thomas Dixon, was indicted for the offenses of armed robbery (Ill. Rev. Stat. 1969, ch. 38, par. 18—2), attempted murder (Ill. Rev. Stat. 1969, ch. 38, par. 8—4), aggravated battery, in that he committed a battery while armed with a deadly weapon (Ill. Rev. Stat. 1969, ch. 38, par. 12—4(b—1)), a second count of aggravated battery, in that he committed a battery which caused great bodily harm (Ill. Rev. Stat. 1969, ch. 38, par. 12—4(a)), and a third count of aggravated battery, in that he committed a battery causing permanent disfigurement (Ill. Rev. Stat. 1969, ch. 38, par. 12—4(a)). Shortly after a jury trial was begun, the defendant notified the trial judge that he wished to change his plea to guilty. A mistrial was declared, and the defendant was admonished and his plea accepted. The defendant was sentenced to serve two to six years for the offense of armed robbery, two to six years for attempted murder, two to six years for aggravated battery while armed with a deadly weapon, and two to six years for aggravated battery causing permanent disfigurement, all sentences to run concurrently. There is no indication in the record as to how the third count of aggravated battery was disposed of by the trial court.

In this appeal the defendant argues that he was improperly convicted of the two charges of aggravated battery, because the elements of those crimes are the same acts which support the offense of attempted murder, and that the sentence imposed upon him was excessive.

We affirm the judgment as modified.

The stipulated facts that were presented to the trial court are as follows: On September 16, 1970, at approximately 9:30 P.M. Herbert Simp-

son was walking in front of 3517 West Flourney when he was accosted and robbed by three men. The defendant, whom he later identified as one of the three, had a sawed-off shotgun in his possession, and the other two men were also armed. The three took approximately $26 from him and walked away.

After walking a short distance, one of the three turned and fired one shot at Mr. Simpson, but did not strike him. Then the defendant Dixon ran back to where Mr. Simpson was standing, and from a distance of six to seven feet he fired the shotgun, striking Mr. Simpson on the right side of the head and body. Mr. Simpson survived the attempt on his life, but as a result was permanently disfigured and lost the vision of his right eye.

Shortly after the shooting, Mr. Simpson identified one of his assailants from a group of photographs shown to him by the police. The suspect identified by Simpson was arrested and subsequently implicated the defendant Dixon and a third man who were also arrested. All three were identified by their victim and subsequently indicted for armed robbery, attempt murder, and three counts of aggravated battery. All three defendants eventually pleaded guilty and were sentenced for four of the five offenses as aforementioned.

The defendant's first contention is that the two offenses of aggravated battery of which he was convicted must be reversed, because the same acts that constituted the elements of these two offenses are necessarily included in a third offense of which he was also convicted, attempt murder.

■■ All three crimes resulted from the same conduct on the part of the defendant when, after the armed robbery was completed, he returned to the victim and shot him. It was error for the defendant to be convicted of two offenses of aggravated battery when the two charges arose from but one act (*People v. Gaines*, 11 Ill.App.3d 14, 295 N.E.2d 569), and it was error for him to be convicted of either charge of aggravated battery and attempt murder because both crimes resulted from the same conduct, and aggravated battery is a lesser included offense of attempted murder. (*People ex rel. Walker v. Pate* (1972), 53 Ill.2d 485, 292 N.E. 2d 387; *People v. Peery* (1967), 81 Ill.App.2d 372, 225 N.E.2d 730.) The defendant's convictions for the two lesser included offenses of aggravated battery are, therefore, vacated.

■■ The defendant also argues that the sentences imposed for the offenses of armed robbery and attempt murder are excessive and should be reduced. We have reviewed all the evidence adduced during the hearing in aggravation and mitigation and find that the sentence imposed does not manifest an abuse of discretion on the part of the trial

court, nor is it a great departure from the normal sentence imposed for similar offenses under similar circumstances. *People v. Caldwell* (1968), 39 Ill.2d 346, 236 N.E.2d 706; *People v. Hobbs* (1965), 56 Ill.App.2d 93, 205 N.E.2d 503.

For these reasons the concurrent sentences for armed robbery and attempt murder will be affirmed, and the judgments entered on the charges of aggravated battery are vacated.

Judgment affirmed as modified.

SCHWARTZ and McNAMARA, JJ., concur.