THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
WILLIAM BONNER, Defendant-Appellant.

First District (1st Division)   No. 77-1310

Opinion filed January 16, 1979.—Rehearing denied February 14, 1979.

Lawrence W. Leck, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger and Joseph P. Quirk, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE McGLOON delivered the opinion of the court:

After a bench trial, the defendant was found guilty of battery and sentenced to 30 days in the House of Correction. The defendant now appeals and contends as follows: (1) that he did not knowingly waive his right to a jury trial; (2) that the trial court erred in sustaining the State's objection to a question concerning his state of mind at the time of the incident; (3) that the defendant was not proved guilty of battery beyond a reasonable doubt; and (4) that the sentence imposed upon the defendant by the trial judge was excessive.

We affirm.

The first witness to testify at trial, the complainant Richard Dux, indicated that at approximately 1 a.m. on March 25, 1976, he and several companions were driving west on Granville street toward Broadway, when Dux observed through the rear window of the auto that the defendant and another man, Ian Maine, were kicking a third man, Howard Weis, in the face. As the driver of the car pulled around the corner, Dux and two of his companions ran to Weis' aid. Upon arriving at the scene, they pulled the defendant and Maine off Weis. The defendant and Maine then fled the scene. About 10 minutes later, as Dux was running toward Granville to flag down a police car, he encountered the defendant who threw a piece of concrete and hit the complainant in the face. The force of the blow cut the complainant's face, shattered his cheekbone, and cracked his eye socket.

Also called as a witness was Officer Nicholas Roder who arrived at the scene shortly after the incident. He interviewed only the defendant, who related to Officer Roder that a man asked the defendant and his companion for a ride and that when he refused the man slammed the car door on the leg of the occupant of the passenger side of the auto. Officer Roder went on to relate that the defendant told him that a scuffle then ensued, that some other men arrived on the scene and broke up the fight,

and that the defendant and his companion fled the scene. Officer Roder further testified that the defendant told him that as he was returning to the scene to get his car another fight occurred.

Testifying in his own behalf, the defendant stated that he and Ian Maine were driving in the vicinity of Granville and Broadway when Howard Weis asked them for a ride. When they refused, Weis slammed the car door on Maine's foot. The defendant pulled the car over to the side of the road and Maine jumped out and began to scuffle with Weis. The defendant only observed the scuffle and never hit or kicked Weis. As the defendant observed the altercation, a group of four or five people arrived at the scene. The complainant was in this group. One of the group, Hickey, "cracked" the defendant. The defendant and Maine then ran into an alley.

The defendant went on to testify that he then remembered he had left the car keys in his automobile. After the defendant picked up a rock and put it in his pocket, he and Maine walked back toward the car. As they neared the corner of Broadway and Granville, Dux appeared and grabbed the defendant. As Dux yelled to his friends, the defendant broke free and threw the rock at the complainant and his friends.

■■ Defendant first contends that he did not knowingly waive his right to a jury trial. The record indicates that during a colloquy between defense counsel and the court, defense counsel twice indicated to the trial court that a jury would be waived. The record does not indicate whether or not the defendant was present in the courtroom at the time this jury waiver occurred. Our supreme court has held that a defendant who permits his attorney, in his presence and without objection, to waive his right to a jury trial, is bound by his counsel's actions. (*People v. Murrel* (1975), 60 Ill. 2d 287, 326 N.E.2d 762; *People v. Sailor* (1969), 43 Ill. 2d 256, 253 N.E.2d 397.) Defendant does not quarrel with the above rule of law, but contends that he was not present in the courtroom during the colloquy concerning the jury waiver and thus should not be bound by his counsel's actions. The record is silent as to whether, during that colloquy, the defendant was present in the courtroom. This court has on numerous occasions held that the party who brings a cause to the reviewing court must present a record which fairly and fully presents all matters necessary and material for a resolution of the issues presented. In a situation where the record is incomplete, the reviewing court will presume any state of facts embraced by the pleadings and not inconsistent with the record which support the decision appealed. (See *In re Shannon* (1977), 45 Ill. App. 3d 876, 360 N.E.2d 433, and cases cited therein.) Due to defendant's failure to present a record indicating whether defendant was present in the courtroom at the time the jury waiver occurred, we will presume that defendant was

present and thus conclude that the defendant knowingly waived his right to a jury trial.

■ Defendant, however, has attached his affidavit to his brief. This affidavit states that at the time the trial court and defense counsel were discussing the waiver of a jury, the defendant was outside the courtroom talking to his mother. This affidavit is not part of the record on appeal. It is attached as an exhibit to defendant's brief without leave of court. Since only matters of record will be considered on appeal, we will not consider this affidavit. See *People v. Twitty* (1950), 405 Ill. 60, 89 N.E.2d 827; *People v. Peery* (1967), 81 Ill. App. 2d 372, 225 N.E.2d 730.

■ Defendant next contends that the trial court erred in sustaining the State's objection to a question asked the defendant on redirect examination concerning his state of mind at the time he was approached by four or five individuals. Assuming, without deciding, that the trial court did err in sustaining the objection, we see no prejudice suffered by the defendant as a result. During re-cross-examination, the trial court asked the defendant if when he threw the rock he was afraid someone was going to attack him. The defendant replied, "I was being attacked." The trial court then replied, "Is that why you threw it, that you were afraid? The record will reflect that he was afraid." We believe the above discussion between the defendant and the trial court effectively disclosed the defendant's state of mind when the individuals were approaching and rendered any error in sustaining the above objection harmless.

■ The defendant next contends that he was not proved guilty beyond a reasonable doubt. The defendant first argues that his testimony at trial is consistent with what he related to Officer Roder shortly after the incident occurred. Although we agree with the defendant in this regard, we do not believe this creates a reasonable doubt of defendant's guilt. Officer Roder testified unequivocally that he did not see the incident. Moreover, Officer Roder's testimony as to what the defendant told him at the scene was of a general nature. For example, Officer Roder testified that the defendant told him there were several scuffles, but he never testified that the defendant explained how the scuffles began or who threw the first blow.

■ In the instant case the only occurrence witnesses who testified were the defendant and the complainant and their testimony was in conflict. In such a situation the trial court, in a bench trial, must determine the credibility of the witnesses and the weight to be given their testimony. (*People v. Coulson* (1958), 13 Ill. 2d 290, 149 N.E.2d 96.) The trial court believed the complainant, and his testimony leaves no reasonable doubt of defendant's guilt.

■ Defendant's final contention is that the sentence imposed by the trial court, 30 days in the House of Correction, is excessive. In support of this

contention defendant relies on several letters from the faculty and staff of Northeastern Illinois University where defendant was a student. These letters were received into evidence at the hearing on aggravation and mitigation. Defendant fairly summarizes these letters as indicating "that the faculty and staff of the university believed the defendant to be an excellent student who has demonstrated community leadership in the Uptown area of Chicago." Nonetheless, the imposition of a sentence is a matter of judicial discretion and absent an abuse of that discretion, a reviewing court will not alter the sentence imposed by the trial court. (*People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882.) Even considering the letters from the staff and faculty of the university, we believe the trial court, considering the nature of the attack, the weapon used, and injuries caused by that weapon, acted within his discretion in sentencing the defendant to 30 days in the House of Correction.

For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

Judgment affirmed.

O'CONNOR and BUCKLEY*, JJ., concur.

---

* Justice Buckley participated in this decision while assigned to the Illinois Appellate Court, First District.