THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* HOWARD RYNBERK, Defendant-Appellant.

First District (5th Division)    Nos. 79-1986, 79-1987 cons.

Opinion filed December 24, 1980.

Samuel V. P. Banks and Terrence P. LeFevour, both of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Marcia B. Orr, Joel A. Stein, and Lawrence T. Krulewich, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE LORENZ delivered the opinion of the court:

Defendant was charged in two separate complaints with the assault of Alice Keeling and Richard Moreno in violation of section 12—1(a) of the Criminal Code of 1961 (Ill. Rev. Stat. 1979, ch. 38, par. 12—1(a)). Following two successive bench trials, defendant was convicted of each crime and sentenced to two concurrent one year terms of probation along with a fine of $150 for each conviction plus court costs.

Defendant appeals from both convictions and raises the following issues: (1) whether the State proved him guilty of the crime of assault beyond a reasonable doubt; (2) whether the trial judge erred in failing, on his own motion, to recuse himself from the second trial involving the

assault of Richard Moreno; (3) whether the trial court erred in failing to properly apprise him of his right to a jury trial for the assault of Richard Moreno; and (4) whether he was denied the effective assistance of counsel.

Defendant's convictions for the crime of assault arose from two separate incidents, the first occurring on March 14, 1979, and the second on March 21, 1979. The pertinent facts forming the basis of each crime are as follows.

On March 14, 1979, Alice Keeling, a polio victim confined to a wheelchair, went to visit her friend who resided at an apartment building located at 12517 S. Ashland Avenue in Calumet Park, Illinois. At the time, she was accompanied by her father George Keeling, Sr., her brother George Keeling, Jr., and Richard Moreno. As she approached the apartment building on the front sidewalk, defendant drove his car within a few feet of her and shouted, "Get your ass off." He then exited the car, advanced to within about one foot of her and threatened to "beat her head in." These actions caused her to believe that defendant was going to strike her. Defendant, who stood six feet tall and weighed 240 pounds, was her landlord in another building. He had previously been involved in litigation with her stemming from her association with a senior citizen's group that had received over 300 complaints from its members concerning defendant. Alice Keeling's account of the incident was substantially corroborated by the testimony of her father and Richard Moreno.

The testimony of defendant, who owned the property at 12517 S. Ashland Avenue, differed from that of the State's witnesses in several aspects. When he observed Alice Keeling in front of the apartment building, she told him to "get out of there," and he responded by calling the police. Defendant at no time left his car and was never closer to her than 10 to 12 feet. He never threatened her with physical harm.

The second incident occurred on March 21, 1979, at 12545 S. Ashland Avenue in Calumet Park, Illinois. The complainant, Richard Moreno, had just concluded a conversation with the president of the County Improvement Association of Calumet Park in his office at that location when he noticed defendant, who was screaming at him from an adjacent parking lot. Moreno ignored him, but defendant came to the office and knocked on the door. Moreno opened the door and defendant advanced toward him, screaming: "where is the rent * * * I am going to get you * * * I am going to break your f_____ head in, stupid Mexican. I am going to get you for this." At this time, defendant stood within inches of Moreno, who was about 5 feet, 6 inches tall and weighed 200 pounds. Moreno then asked him what he was talking about, to which defendant replied, "You don't know what type of people you are talking with." Moreno asked defendant what kind of people he was referring to. Defendant stated,

"You know what kind of people you are f_____ with." After making similar threats for a period of about five minutes, defendant left. Throughout this ordeal, Moreno, who had been under a doctor's care for treatment of heart and back conditions, believed that defendant was going to strike him.

Defendant, Moreno's landlord, testified that he went to the office that day to collect rent, but never threatened him. Moreno steadfastly refused to pay the rent and threatened to throw defendant out of the office. Defendant, 56, had been hospitalized with a heart ailment a few months before the incident.

Opinion

Defendant initially contends that the State failed to prove him guilty beyond a reasonable doubt of the crime of assault in each case. As to the alleged assault of Alice Keeling, he specifically raises the following two assertions: (1) his conduct was justified as a lawful exercise of his right to expel Keeling, a trespasser who intended to harm his property (Ill. Rev. Stat. 1979, ch. 38, par. 7—3); and (2) the evidence was insufficient to prove that Keeling was placed in reasonable apprehension of receiving a battery (Ill. Rev. Stat. 1979, ch. 38, par. 12—1(a).) Defendant also relies on this second assertion in challenging his conviction for the assault of Richard Moreno. We first turn to the March 14, 1979, occurrence.

Defendant argues that he was lawfully justified under section 7—3 of the Criminal Code of 1961 (Ill. Rev. Stat. 1979, ch. 38, par. 7—3) for his conduct with respect to Alice Keeling because he reasonably feared that she would interfere with his real property. That section provides:

> "A person is justified in the use of force against another when and to the extent that he reasonably believes that such conduct is necessary to prevent or terminate such other's trespass on or other tortious or criminal interference with either real property (other than a dwelling) or personal property, lawfully in his possession or in the possession of another who is a member of his immediate family or household or of a person whose property he has a legal duty to protect. However, he is justified in the use of force which is intended or likely to cause death or great bodily harm only if he reasonably believes that such force is necessary to prevent the commission of a forcible felony." Ill. Rev. Stat. 1979, ch. 38, par. 7—3.

At the onset, we note that Keeling was on defendant's property at the express invitation of a tenant on the property and therefore cannot be deemed a trespasser as a matter of law even if defendant misapprehended that an invitee of a lessee could be guilty of a trespass. (*Karow v. Student Inns, Inc.* (1976), 43 Ill. App. 3d 878, 357 N.E.2d 682.) Likewise,

his possible belief that she was not visiting one of the tenants was not reasonable since the apartment building which he owned contained over 16 units, and each tenant possessed the right to entertain social guests. Our focus is therefore directed to whether defendant reasonably believed that she would tortiously or criminally interfere with his real property.

■■ A review of the testimony conclusively demonstrates that defendant unreasonably believed that Keeling intended to harm his property. He was therefore not justified in attempting to expel her. Keeling, who was confined to a wheelchair, testified that she was approaching defendant's apartment building to visit her friend when he advanced toward her and verbally threatened her with physical harm. Although defendant denied threatening her in any fashion, he allegedly felt justified in ordering her to leave the premises due to her association with a group that he had sued for the nonpayment of rent. The mere fact that defendant had been involved in litigation of this sort cannot serve as a reasonable basis for believing that Keeling intended to harm his property. Nor does it sanction the use of force to terminate the peaceful visit by Keeling, an invitee on defendant's property. To hold that defendant's actions were justified under these circumstances would encourage litigants to resort to the use of force in resolving disputes rather than utilizing the lawful means established by the court system.

We also find that the evidence sufficiently proves that Keeling was placed in reasonable apprehension of being battered by defendant. Testimony by a single witness, if positive and credible is sufficient to establish guilt beyond a reasonable doubt. (*People v. Butler* (1976), 41 Ill. App. 3d 750, 354 N.E.2d 568.) Whether a person was reasonably apprehensive of receiving a battery is a question of fact. (*People v. Holverson* (1975), 32 Ill. App. 3d 459, 336 N.E.2d 88.) When there is a conflict in testimony, it is within the province of the trier of fact to resolve the conflict and determine which witnesses are to be believed. *People v. Beverly* (1977), 55 Ill. App. 3d 872, 371 N.E.2d 148.

■■ In the instant case, the trial judge, who had the opportunity to observe the demeanor of the witnesses and resolve the conflicting testimony, found that defendant was guilty of assaulting Alice Keeling. Defendant drove his car within a few feet of Keeling, advanced toward her and verbally threatened her with physical harm. As a result of these actions, she apprehended that she would be struck by defendant. Thus, defendant was clearly shown to have been "engaging in conduct which places another in reasonable apprehension of receiving a battery" (Ill. Rev. Stat. 1979, ch. 38, par. 12—1(a)) and was properly convicted beyond a reasonable doubt of the crime of assault. ·

Defendant argues that the normal deference given to the trial judge's determination should not be accorded in this case because the trial judge

abandoned his objective stance when he entered into the examination of two of the witnesses. Specifically, the judge elicited from the complaining witness that she was confined to a wheelchair at the time of the incident, and also questioned defendant as to his height and weight.

It is fundamental that a trial judge has the right to question witnesses so long as he does not forget his judicial function and assume the role of an advocate. (*People v. Trefonas* (1956), 9 Ill. 2d 92, 136 N.E.2d 817; *People v. Warren* (1976), 43 Ill. App. 3d 1064, 358 N.E.2d 27.) Here, the trial judge's brief examination was impartial and merely supplemented the record with personal observations of the witnesses' physical characteristics. This served to buttress the otherwise amply supported finding that the handicapped victim was reasonably apprehensive of being struck by the rather large defendant. Therefore, the trial judge's examination of the two witnesses was proper.

The record equally supports the trial court's determination of defendant's guilt beyond a reasonable doubt for the assault of Richard Moreno. Moreno testified that defendant entered his office, advanced to within a few inches of him, demanded rent payments and verbally threatened him with physical harm. Immediately before entering the office, defendant had screamed at Moreno from a nearby parking lot. As a result, Moreno reasonably believed that defendant intended to strike him.

Defendant also contends that the trial judge was required under the due process clause of the United States and Illinois Constitutions (U.S. Const., amend. XIV, §1; Ill. Const. 1970, art. I, §2) to recuse himself, *sua sponte* from defendant's second trial. This was allegedly required because he presided at defendant's earlier trial which involved the same charge and included the testimony of Moreno, a witness at the first trial who was also the complainant in the second.

A defendant has the right to move for a substitution of judges on the grounds that the judge that will hear his case is so prejudiced against him that he cannot receive a fair trial. (Ill. Rev. Stat. 1979, ch. 38, par. 114—5.) Defendant failed to avail himself of this right in the present case. In fact, no allegations of the trial court's lack of impartiality were made until after defendant's conviction, in his motion for a new trial. A trial judge is under no duty to recuse himself, on his own motion, when defendant has failed to move for a substitution of judges prior to trial. (See *People v. Mitchell* (1979), 76 Ill. App. 3d 878, 395 N.E.2d 696.) Moreover, the record fails to show that the trial judge acted in a prejudicial manner toward defendant in this case, and defendant has pointed to no such instances. Defendant, having suffered no harm in this matter, was not denied due process of law.

Defendant next contends that the trial court erred in failing to sufficiently apprise him of his right to a jury trial for the assault of Richard

Moreno. Every person accused of a criminal offense has the right to trial by jury unless understandingly waived by him in open court. (Ill. Rev. Stat. 1979, ch. 38, par. 103—6). Whether a defendant understandingly and knowingly waives his right to jury trial depends on the facts and circumstances of each case. *(People v. Williams* (1977), 47 Ill. App. 3d 798, 365 N.E.2d 415, *cert. denied* (1978), 434 U.S. 1070, 55 L. Ed. 2d 772, 98 S. Ct. 1251.) A defendant who permits his attorney, in his presence and without objection, to waive his right to a jury trial, is bound by his counsel's actions. *People v. Bonner* (1979), 68 Ill. App. 3d 424, 386 N.E.2d 366.

Our review of the record shows that defendant acquiesced in open court to his attorney's conduct in waiving his right to a jury trial. Defendant received two successive bench trials for the crime of assault. These cases were called for trial at the same time and were then tried in chronological order based upon the date of the crimes. The Keeling trial immediately preceded the Moreno trial, and the trial court treated the cases as a single proceeding. The following excerpt from the trial transcript illustrates that defendant remained silent as his attorney expressed a waiver of his right to jury trial for both cases tried that day:

"THE COURT: All right. The defendant is in court represented by his attorney.

\* \* \*

We will take them in the order of the alleged offenses. In the complaint signed on March 14, the charge is assault. The complaint is signed by Alice Keeling.

\* \* \*

What is the plea to that charge?

DEFENSE ATTORNEY: Not guilty, jury waived.

THE COURT: We will pass it for trial. The second one in the order of alleged occurrences was on March 21. Richard Moreno signed a complaint against Howard Rynberk.

\* \* \*

What is the plea?

DEFENSE ATTORNEY: Plea of not guilty, jury waived."

The court then proceeded on the Keeling case, but before any witnesses were heard, the court specifically admonished defendant as to his right to a jury trial. Defendant orally waived this right. There was no similar admonishment and waiver prior to the commencement of the Moreno case. We find, however, that defendant exercised a knowing waiver of his right to a jury trial for the Moreno case through his attorney when the case was originally called earlier that day. No purpose would have been served by the trial court in ritualistically repeating the admonishment given at the beginning of the entire proceeding or by eliciting another waiver from

defendant prior to commencing the second trial, especially since the short bench trials occurred in such close proximity to each other in time. Based upon this factual setting, we hold that defendant knowingly and intelligently waived his right to a jury trial.

■■ Defendant finally contends that he was denied his constitutional right to the effective assistance of counsel. U. S. Const., amends. VI, XIV.

The standard for inadequate representation by counsel is whether the representation is of such a character as to reduce the trial to a farce or sham. (*People v. Tedder* (1980), 83 Ill. App. 3d 874, 404 N.E.2d 437.) For a defendant to prevail in this regard, the following factors must clearly be established: (1) actual incompetence of counsel, as reflected by the manner of carrying out his duties at trial; and (2) substantial prejudice resulting, without which the outcome probably would have been different *People v. Johnson* (1977), 45 Ill. App. 3d 255, 359 N.E.2d 791.

Defendant specifically asserts that his representation was inadequate because of the following alleged deficiencies attributable to his counsel at trial; (1) he failed to move for a substitution of judges for defendant's second trial after he was found guilty in an earlier trial involving the same charge and one of the same witnesses; (2) he failed to object to a leading question propounded to the State's witness; and (3) he failed to develop the defense that defendant's actions in attempting to collect rent payments were lawfully justified.

Each of these assertions is without merit. First, we have previously decided that the trial judge harbored no hostility toward defendant and remained fair and impartial throughout both of his trials. Therefore, his counsel had no reason to move for a substitution of judges. (See *People v. Akins* (1968), 98 Ill. App. 2d 275, 240 N.E.2d 234.) Second, the question asked of the State's witness by the prosecutor, although leading in nature and thus, objectionable, did not affect the outcome of the case. On direct examination, the following colloquy occurred between the prosecutor and Moreno:

> "PROSECUTOR: Were you in reasonable apprehension of being battered at that time?
> MORENO: Absolutely."

A conviction for assault can be upheld on review based upon the nature of the confrontation even though the victim never expressly testifies that he was in reasonable apprehension of receiving a battery. (*People v. Alexander* (1976), 39 Ill. App. 3d 443, 350 N.E.2d 144.) Because the evidence supports defendant's conviction for the crime of assault beyond a reasonable doubt even in the absence of the above cited exchange, his attorney's objection would have been futile. Finally, we disagree that defendant's counsel failed to develop a proper theory of defense. Illinois law does not recognize that one may lawfully assault another in order to

collect overdue rent payments. Yet, defendant now suggests that this strategy should have been employed at trial. Counsel for an accused has no duty to manufacture a defense if, in fact, none exists. (*People v. Elder* (1979), 73 Ill. App. 3d 192, 391 N.E.2d 403.) In our view, defendant's counsel ably cross-examined the State's witness, presented evidence on defendant's behalf, forcefully presented closing arguments and presented facts in mitigation at the sentencing hearing. The quality of this representation is reflected in the small fine and reasonable period of probation charged to defendant. Consequently, we conclude that defendant has failed to show that his counsel was remiss in carrying out his duties at trial, or that he was actually incompetent.

For the reasons stated, we affirm the judgment of the circuit court of Cook County.

Affirmed.

SULLIVAN, P. J., and WILSON, J., concur.