404 So.2d 1074 (1981)
Barry Eugene SESSUMS, Appellant,
v.
The STATE of Florida, Appellee.
Nos. 80-1274, 80-1331.
District Court of Appeal of Florida, Third District.
August 18, 1981.
Rehearing Denied November 4, 1981.
Bennett H. Brummer, Public Defender and Warren S. Schwartz, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Anthony C. Musto, Asst. Atty. Gen., for appellee.
Before BARKDULL and FERGUSON, JJ., and MELVIN, WOODROW M. (Ret.), Associate Judge.
FERGUSON, Judge.
The sole issue on this appeal by Barry Sessums from orders revoking probation *1075 and adjudication and sentencing on a substantive charge, is whether Sessums effectively waived trial by jury. The specific issue is whether record evidence showing an information signed by defendant and stamped with "waived trial by jury" and record evidence that defense counsel orally waived jury trial in open court in the presence of the defendant and without objection by the defendant is sufficient to find that the defendant freely and voluntarily waived his right to trial by jury.
The record in this case indicates the following colloquy between the court and the counsel:
THE COURT: What is the State's position? Is there going to be a waiver of jury trial?
MR. GUTIERREZ: Yes. There is a waiver of jury trial. We can do both at the same time.
MS. LORTS: I will need an hour to get my lab man over here.
THE COURT: Well, do you want to waive a jury trial? We will hear the jury and the probation matter simultaneously. If not, I will go ahead and hear the probation matter.
MR. GUTIERREZ: The defendant waives jury, Your Honor.
[The case was passed and a short time later returned as follows]
THE COURT: All right. Do you agree to waive jury trial?
MS. LORTS: No.
MR. GUTIERREZ: It has already been waived.
THE COURT: What do the rules say? They require both parties ____
MS. LORTS: That's correct.
* * * * * *
THE COURT: Here's what we are going to do: This will make everybody a little bit happy.
I am going to put the thing over. I will try it non-jury a week from today at 10:00. I will try it non-jury and the probation simultaneously.
* * * * * *
THE COURT: See you then.
Does the State agree to waive the jury trial under those circumstances?
MS. LORTS: Sure.
MR. GUTIERREZ: It has already been executed.
THE COURT: That will dispose of it.
* * * * * *
THE COURT: Mr. Sessums, come up here for a minute.
Mr. Sessums, I am going to advise you that I want you here at 2:00 next Monday.
THE DEFENDANT: Yes, sir.
THE COURT: If you can work out a plea, great. If you can't, I'm here to try this case... .
* * * * * *
THE COURT: Both sides stipulated to hearing probation hearing and trial at the same time and both sides waived jury trial.
A criminal defendant is guaranteed the right to trial by jury by the Sixth and Fourteenth Amendments to the Constitution of the United States and Article I, Section 22, of the Florida Constitution. A defendant may not be deprived of this right without an intelligent, voluntary and knowing waiver of that right. Baldwin v. New York, 399 U.S. 66, 90 S.Ct. 1886, 26 L.Ed.2d 437 (1970); Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968).
Though the better practice is for a trial court to interrogate a defendant so as to satisfy itself that the defendant is fully apprised of his right to a jury trial and that the waiver of that right is made intelligently and voluntarily, Viggiani v. State, 390 So.2d 147 (Fla.3d DCA 1980), rev. granted, 402 So.2d 613 (Fla. 1981); Quartz v. State, 258 So.2d 283 (Fla.3d DCA 1972), cert. denied, 263 So.2d 825 (Fla. 1972), the only requirements of Florida Rule of Criminal Procedure 3.260 providing for waiver of jury trial, are that a waiver of a jury trial be in writing, see Powers v. State, 370 So.2d 854 (Fla.3d DCA 1979), cert. denied, 379 So.2d 209 (Fla. 1979); Tosta *1076 v. State, 352 So.2d 526 (Fla. 4th DCA 1977), cert. denied, 366 So.2d 885 (Fla. 1978); Molfetas v. State, 323 So.2d 598 (Fla.3d DCA 1975), and that the State consent, see State ex rel. Gerstein v. Baker, 339 So.2d 271 (Fla.3d DCA 1976). Florida, unlike some jurisdictions, has never required by statute, rule, or case law that the court itself inform the defendant of this right or make direct inquiry of the defendant as to the voluntariness of his waiver.[1]
Under Florida law a waiver will be effective when there is consent of the parties and a defendant has either signed a written waiver in court which is made part of the record, Durcan v. State, 383 So.2d 248 (Fla. 3d DCA 1980); Russell v. State, 342 So.2d 96 (Fla. 3d DCA 1977), Kinser v. State, 291 So.2d 80 (Fla. 3d DCA 1974), cert. denied, 297 So.2d 832 (Fla. 1974), cert. denied, 420 U.S. 972, 95 S.Ct. 1393, 43 L.Ed.2d 652 (1975), or has previously signed a written waiver which is made part of the record and, in addition, either personally or through his counsel orally waives a jury trial in open court.[2]Quartz v. State, supra. We find this case to fall within these minimal requirements for effective waiver and hold that by signing the waiver and by failing to object to waiver of jury made by his counsel, in his presence and in open court, Sessums effectively waived his right to a jury trial. Quartz v. State, supra.
Affirmed.
NOTES
[1] See, e.g., Arizona, R.Crim.P. 18.1(b) (court shall address defendant personally); California, Art. I, § 16, Cal.Const. (amended 1974) (a jury may be waived in a criminal trial by the consent of both parties expressed in open court by the defendant and the defendant's counsel); Michigan, Stat. § 763.3 (waiver must be signed by defendant and made part of record in open court after arraignment), People v. Blackmon, 95 Mich. App. 462, 291 N.W.2d 82 (Mich. App. 1980) (reference by defense counsel insufficient); Maryland Rule, 735(d) (requires inquiry of defendant on the record and that court inform defendant of this right), Dortch v. State, 428 A.2d 1220 (Md. App. 1981); Spector v. State, 289 Md. 407, 425 A.2d 197 (Md. App. 1981); Pennsylvania, R.Crim.P. 1101 (requires an on-the-record colloquy with defendant), Commonwealth v. Candia, ___ Pa.Super. ___, 428 A.2d 993 (1981). Commonwealth v. Phillips, 285 Pa.Super. 485, 427 A.2d 1391 (1981); Commonwealth v. Baxter, 282 Pa.Super. 467, 422 A.2d 1388 (1980).

See also Alaska, R.Crim.P. 23(a) and (b) (cases required to be tried by jury [of 12] shall be so tried unless the defendant waives a jury trial [of 12] in writing with the approval of the court and the consent of the state); Walker v. State, 578 P.2d 1388 (Alaska 1978) (the court must personally address defendant to inquire whether the waiver is voluntary and knowing; failure to do so is error per se).
[2] Compare Florida law, supra, with Illinois law, Chapter 38, section 103-6, Laws of Illinois, (every person accused of offense has right to trial by jury unless understandingly waived by defendant in open court). Illinois cases hold that waiver of right to jury trial is valid where the accused permits his attorney in his presence and without objection to expressly advise the court of that choice. People v. Spain, 91 Ill. App.3d 900, 47 Ill.Dec. 451, 415 N.E.2d 456 (Ill. 1980); People v. Rynberk, 92 Ill. App.3d 112, 47 Ill.Dec. 774, 415 N.E.2d 1087 (Ill. 1980); People v. Williams, 47 Ill. App.3d 798, 8 Ill.Dec. 177, 365 N.E.2d 415 (1977) and Hawaii law, § 806-61 Haw.Stat. and H.R.Crim.P. 23(a) (waiver may be with consent of court and either defendant's written consent filed in court or oral consent in open court entered on the record).

We note that there was no oral waiver by defendant's counsel in open court in Viggiani v. State, supra.